```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

MARVIN SPRY,

      Movant

v.                                      CIVIL ACTION NO. 2:03-2317
                                          (Criminal No. 2:01-00011-01)

UNITED STATES OF AMERICA,

      Respondent

## MEMORANDUM OPINION AND ORDER

Pending before the court is the movant's motion pursuant to 28 U.S.C. § 2255, filed November 4, 2003, and amended on January 6, 2004, in accordance with the agreed order entered December 8, 2003. The magistrate judge filed, on January 7, 2005, her report and recommendation.

Movant has been represented by counsel since the filing of this action. Nevertheless, movant filed, on February 10, 2005, pro se objections to the magistrate judge's recommendation, and subsequently, on February 16, 2005, he filed a pro se motion to supplement the section 2255 motion. His counsel also filed objections, on February 22, 2005, together with a motion to amend the section 2255 motion.

The magistrate judge denied movant's February 16th motion to supplement by order entered February 25, 2005. Movant has not requested review of that order. However, he subsequently filed on March 11, 2005, a pro se motion "for the court to amend" its February 16th order, which motion was denied by order entered March 22, 2005. Plaintiff thereafter filed pro se objections, dated March 31, 2005, to the March 22nd order. His counsel had filed objections on the previous day, March 30, 2005, to the same order.[1]

I.

Each the February 22nd and March 11th motions to amend, and the March 30th and March 31st objections -- understood by the court to be appeals from the March 22nd order denying amendment -- depend upon the applicability to this proceeding of both Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). Our court of appeals, however, has now foreclosed a Blakely/Booker argument here. Neither of these

---

[1] It is noted that the March 30th objections were filed as to both the March 22, 2005, and the February 25, 2005, orders of the magistrate judge denying amendment. The March 31st objections were untimely as to the February 25th order. See Fed R Civ P 72(a).

2

decisions is available for post-conviction relief sought by federal prisoners whose convictions became final before the decisions in those two cases. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Movant's criminal conviction became final in 2001. It is accordingly ORDERED that the February 22nd motion to amend be, and it hereby is, denied; and the magistrate judge's order denying amendment entered March 22, 2005, be, and it hereby is, affirmed.

II.

The court next addresses movant's amended motion filed January 6, 2004, which seeks the vacatur, set aside, or correction of his sentence of 140 years imposed upon him after conviction by a jury of conspiracy to distribute more than 100 kilograms of marijuana (Count One), three substantive offenses relating to distribution of marijuana (Counts Two, Four, and Five), conspiracy to distribute more than 500 grams of cocaine (Count Seven), laundering of monetary instruments (Count Three), and witness intimidation (Count Six). (September 24, 2001, Judgment in a Criminal Case.) Movant's imprisonment is to be followed by a five-year term of supervised release.

3

The sentence from which movant seeks relief is the consequence of movant's third criminal conviction. His first was based on conspiracy to possess with intent to distribute cocaine. United States v. Spry, No. 2:89-cr-0009 (S.D. W.Va. May 30, 1989). The second, which is relevant to the discussion infra, was based on movant's having been a felon in possession of a firearm. United States v. Spry, No. 2:99-cr-0233 (S.D. W.Va. June 28, 2000).

In support of his motion, movant asserts that: he was provided ineffective assistance of counsel inasmuch as his attorney failed to "demand" a Kastigar hearing; he was provided ineffective assistance of counsel because his attorney failed to present a defense; the trial court refused defendant's request to instruct the jury on the meaning of "reasonable doubt" in violation of movant's right to due process; and movant was prejudiced because counsel in his second criminal case -- in which he was convicted as a felon in possession of a firearm -- later represented a material witness related to this, his third case, thereby creating a conflict of interest.

The magistrate judge entered her proposed findings and recommendation, giving full attention to each of these issues, on January 7, 2005. Movant thereafter filed, on February 10, 2005,

4

his pro se objections thereto, followed by the set of objections filed by his counsel on February 22, 2005.[2] Movant's February 10th objections are little more than restatements of those arguments contained in his memorandum in support of his section 2255 motion, and are not the specific, written objections to the magistrate judge's proposed findings and recommendation required by Rule 72(b) of the Federal Rules of Civil Procedure. In any event, the pro se objections are sufficiently covered by counsel's later-filed specific objections. The court thus finds no need to address further the February 10th objections which the court finds unpersuasive.

The February 22nd objections, though more particular in nature, are similarly unpersuasive. First, movant lodges a number of objections to the magistrate judge's determination that movant was not entitled to a hearing as described in Kastigar v. United States, 406 U.S. 441 (1972), to ensure that information used to prosecute movant was not derived from information provided by him pursuant to the immunity agreement of his second case, entered into when movant pled guilty to being a felon in possession of a firearm. (Obj. #1 - #5.) These objections

---

[2] Movant had been granted, by order entered February 3, 2005, an extension through February 21, 2005, to file his objections. The court deems both filings timely.

5

further are centered on whether the plea agreement of the second case barred the subsequent prosecution of movant in this, his third criminal case. As noted by the magistrate judge, the United States Court of Appeals for the Fourth Circuit already has determined that the third, unrelated prosecution was not barred by the plea agreement of the second case, which "referred only to a firearm offense. . ." (PFR at 10 quoting United States v. Spry, No. 01-4789, 38 Fed. Appx. 848, 849 (4th Cir. May 23, 2002).) Furthermore, there was no apparent reason for the court to conduct a Kastigar hearing. Though movant asserts that "[t]he events of November 9, 1999[, the date of movant's firearm violation, on which the second case was based,] and the statement of [movant] to Corporal Gilman could not compel the conclusion that Spry's statement contained no suggestion that Spry was engaged in criminal activity relating to drugs" (Obj. #1), movant does not suggest what information he may have provided that led to his later criminal conviction. Movant has not asserted that he made any statement during the second criminal case or the investigation thereof that was used for the prosecution of this, his third. And, as the magistrate judge found, movant made no immunized statements pursuant to the plea agreement. (PFR at 13.) It appears, as the government contends, that the United States "did not debrief, interview, or obtain any information

6

from [movant] pursuant to the plea agreement" of the second case." (PFR at 11-12.) At no time has movant shown any basis for a <u>Kastigar</u> hearing in his third prosecution.

Second, movant asserts several objections to the magistrate judge's findings related to the performance of movant's trial counsel. (Obj. #6 - #8.) Movant broadly states that "the record supports the conclusion that trial counsel abandoned his role as advocate during trial" (Obj. #6) and that "the evidence demonstrates that trial counsel was indeed ineffective" (Obj. #8) without referring to particular parts of the record or evidence in support of his position. These objections lack the specificity required to challenge a magistrate judge's recommendation under Rule 72(b) of the Federal Rules of Civil Procedure. Moreover, upon reviewing the transcript, the magistrate judge found that trial counsel's "cross-examination of government witnesses was well within the wide range of what is considered reasonable professional assistance" and that counsel's "cross-examination supported his closing argument in which he highlighted the weaknesses in the government's case, and reminded the jury of the witnesses' criminal activity and motivation to testify against the defendant." (PFR at 15.) There is simply no error in the

7

magistrate judge's having found, based on the record, that trial counsel was not ineffective. Likewise, movant has cited no evidence in support of his remaining objection on this matter, that he "had identified numerous witnesses who would testify on his behalf in order to provide some balance to the distorted picture of him that was being presented by the government at trial. . . ." (Obj. #7.) In the absence of such evidence, the magistrate judge's determination is well taken, where she found that the "strategy not to place [movant's] character in evidence was appropriate, given [his] extensive criminal record". (PFR at 16.)

Movant next states that he objects to the magistrate judge's findings with respect to the reasonable doubt instruction because "the better view is that a jury should be instructed on the definition of 'reasonable doubt.'" (Obj. # 9.) Movant cites authority from the United States Courts of Appeals for each the Fifth and Eleventh Circuits, together with a dissenting opinion filed in a case before our court of appeals. But as the magistrate judge pointed out, "[i]t is well settled in this circuit that a district court should not attempt to define the term 'reasonable doubt' in a jury instruction absent a specific request for such a definition from the jury." (PFR at 18 quoting

8

United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995)(citations omitted). No such request was made by the jury at defendant's trial, and it was not improper for the court to decline to attempt to define the term in its instructions.

Movant's final objection goes to the fourth ground upon which his section 2255 motion is based; he states that he "was entitled to representation free from conflicts of interest" and suggests that he should be granted an evidentiary hearing on whether attorney Bernard Spaulding's representation of witness Thomas Muncy was prejudicial to him. (Obj. #10.) As the magistrate judge explained, movant was represented in the second criminal case, wherein he was charged as a felon in possession of a firearm, by an assistant federal public defender. (PFR at 20.) The record does not reflect that Spaulding represented movant in that action. (Id.) The defendant nevertheless asserts that the defendant's family hired Spaulding to ensure that the federal public defender's office represented defendant's best interests. (Id.) The magistrate judge noted that movant filed no affidavit to confirm his relationship with Spaulding (PFR at 20), and Spaulding was not a signatory to the plea agreement in the second case (PFR at 21).

9

But even assuming that there did exist an attorney-client relationship between movant and Spaulding, the magistrate judge found that there is no evidence that Spaulding shared with Muncy any confidential information he may have learned from movant. (PFR at 23.) It is observed that Muncy merely testified at movant's trial in the third case that he sold a total of 400 pounds of marijuana to movant in the course of three separate sales between January and April 2000. The movant does not claim that he told Spaulding about the 400 pounds of marijuana so purchased or that Spaulding passed that information on to Muncy who then testified about it against movant. Movant's unfocused speculation warrants neither relief nor an evidentiary hearing.

Having reviewed the objections and noting that the magistrate judge has fully and aptly addressed movant's arguments, the court finds movant's objections to be without merit.

### III.

The proposed findings and recommendation of the magistrate judge, filed January 7, 2005, are hereby adopted and incorporated herein. It is, accordingly, ORDERED that the

movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied. The court further ORDERS that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: July 21, 2006

_____
John T. Copenhaver, Jr.
United States District Judge